IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| GARY BUTERRA WILLIAMS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 3:10CV599-HEH |
|  | ) |  |
| DAVID L. SIMONS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION
(Dismissing Without Prejudice 28 U.S.C. § 2241 Petition)

Petitioner brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. He contends that the Commonwealth of Virginia is "denying [him] his federal right to due process, access to the court and self-representation." (Petition 3.) The matter is before the Court on Petitioner's response to the Court's October 26, 2010 Memorandum Order directing him to explain, *inter alia*, how he has exhausted all state remedies with respect to his current detention. Petitioner has responded. The matter is ripe for disposition.

### I. Factual And Procedural Background

Petitioner is currently detained pending his trial in the Circuit Court for the County of Suffolk ("Circuit Court") on charges of malicious wounding of a law enforcement officer, aggravated malicious wounding, and wounding during the commission of a felony. (Pet'r's Resp. Oct. 26, 2010 Mem. Order ("Pet'r's Resp.") 1.) Petitioner represents that a trial on the foregoing charges has not been scheduled. (*Id.* at 2.)

By Memorandum Order entered on October 26, 2010, the Court directed Petitioner

to specify how he has exhausted his state court remedies. In response, Petitioner asserts that he has exhausted his state court remedies because, *inter alia*, he filed a petition for a writ of habeas corpus with the Supreme Court of Virginia in December of 2010. (Notice of Exhaustion of State Remedy (Dk. No. 14.) at 1.) Additionally, Petitioner asserts that exceptional circumstances warrant consideration of his habeas petition even in the absence of exhaustion. Specifically, Petitioner contends jail officials have repeatedly interfered with his mail.[1] Petitioner also suggests that he intentionally prompted the pending state charges by assaulting a correctional officer in order "to gain access to a magistrate judge, or any judge by the only means left available to him which was catching a criminal charge." (Pet'r's Resp. 3–4.) Lastly, Petitioner represents that the Circuit Court "has caused, and still is causing irrepairable [sic] harm to petitioner's defense and constitutional rights by . . . [c]ausing prejudicial pre-trial delay . . . [and] [r]efusing to acknowledge the petitioner's person and right to be heard." (Pet'r's Resp. 6.)[2]

On February 22, 2011, Williams moved to amend his § 2241 petition and submitted an Amended § 2241. Williams's February 22, 2011 Motion to Amend will be granted. Thereafter, on March 21, 2011, the Court received a Second Motion to Amend

---

[1] In this regard, Petitioner asserts that "[t]he jail has deliberately made access to the Virginia Supreme Court a[n] impossibility." (Pet'r's Resp. 6.) Of course, Petitioner's recent acknowledgment that he has filed a petition for a writ of habeas corpus with the Supreme Court of Virginia refutes his assertion that it is impossible for him to file documents with the Supreme Court of Virginia.

[2] Although Petitioner complains about pretrial delay, he does not explicitly seek a speedier trial in the Circuit Court. Rather, Petitioner appears to seek the dismissal of the state criminal proceedings. (§ 2241 Pet. 11.)

from Williams. The Second Motion to Amend was not accompanied by a proposed amended § 2241 Petition. Because, for the reasons set forth below, it appears any amendment would be futile, the Second Motion to Amend will be denied. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

## II. Analysis

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–531 (4th Cir. 2010) (alteration in original) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). In this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531 n.5 (citing *Boumediene*, 553 U.S. at 793). Thus, "district courts 'should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.'" *Id.* at 531 (alteration in original) (quoting *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951)).[3] "Relief for state pretrial detainees through a federal

---

[3] "In the pretrial context, the exhaustion requirement is imposed to preclude '*the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.*'" *Huff v. Virginia*, No. 3:07cv691, 2008 WL 2674030, at *2 (E.D. Va. July 7, 2008) (emphasis added) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973)). The Supreme Court used the highlighted language "to distinguish between two types of speedy trial claims. The appropriate habeas claim where the habeas

3

petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973); *Younger v. Harris*, 401 U.S. 37, 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)); *see also Brazell v. Boyd*, No. 92-7079, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (concluding "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review" (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987))).

Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 224 (citing cases); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand." (internal quotation marks omitted)). Here, the issues raised by Petitioner, both in his initial § 2241 Petition and his subsequent

---

petitioner sought to compel the state to bring him to trial, rather than the illegitimate habeas claim where the petitioner seeks to abort a scheduled trial on speedy trial grounds." *Id.* at *2 n.3 (citing *Moore v. DeYoung*, 515 F.2d 437, 445–46 (3d Cir. 1975)).

submissions, may be resolved either by (1) a trial on the merits in the Circuit Court, (2) his state petition for a writ of habeas corpus currently pending in the Supreme Court of Virginia, or (3) subsequent direct and collateral appeals. *See Gould v. Newport News*, No. 2:08cv465, 2008 WL 7182638, at *5 (E.D. Va. Nov. 5, 2008) (summarily dismissing § 2241 petition because the petitioner's grounds for habeas relief "could be defenses in his upcoming criminal prosecution"). Petitioner fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. Accordingly, Petitioner's § 2241 Petition and the action will be dismissed without prejudice because Petitioner has failed to exhaust available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 11, 2016
Richmond, Virginia